UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON KRUMBACK,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTI NOEM, Governor of South Dakota, and MARTY JACKLEY, Attorney General of South Dakota,<br><br>Defendants. | 4:24-CV-04040-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, a prisoner at the South Dakota State Penitentiary, filed a complaint pursuant to 28 U.S.C § 2201, et seq., seeking a declaratory judgment that SDCL Chapter 25-10, Protection from Domestic Abuse, is unconstitutional. Plaintiff filed a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(B)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. §§ 1915(B)(1)(A), (B). The Court finds that plaintiff is unable to pay an initial filing fee.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's

*pro se* complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

**DECISION**

Plaintiff is challenging South Dakota statutes criminalizing the violation of protection orders, claiming such statutes violate his First Amendment rights to freedom of speech and intimate association. He seeks a declaration that the statutes are unconstitutional and a preliminary injunction to immediately stop the enforcement of these laws. Of course, plaintiff would have no standing to challenge a state statute unless he has been subject to the statute. U.S. CONST. ART. III.

I take judicial notice of the records of South Dakota's Unified Judicial System, which are available on the e-courts portal, https://ecourts.sd.gov. Such records show that plaintiff has, many times, been subject to protection orders issued pursuant to SDCL Chapter 25-10, has been subject to criminal charges for violation of protection orders under SDCL 25-10-13, and has been subject to the provision of SDCL 25-10-25 prohibiting him from contacting the victim of a crime involving domestic abuse as part of the sentence imposed by the state court judge. No contact orders were placed upon plaintiff on July 30, 2021, in state court case 49 CRI 21-005588, and again on January 28, 2022, in state court case 49 CRI 22-000575 pursuant to SDCL 25-10. Plaintiff was convicted of violating protection orders pursuant to SDCL 25-10-13 three times on July 6, 2021[1], January 27, 2022[2], and May 23, 2022[3]. Plaintiff is currently serving a 10-year sentence based on his conviction on May 23, 2022. His conviction on January 27, 2022, was reduced to zero days, and his July 6, 2021, conviction was reduced from 360 days to 15 days of time served. These records show that plaintiff has been and is currently subject to SDCL Chapter 25-10.

---

[1] 49 CRI 21-005760
[2] 49 CRI 22-000575
[3] 49 CRI 22-003305

2

The United States Supreme Court has held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245 (2005) (*quoting* Preiser v. Rodriguez, 411 U.S. 475, 489, (1973)). The Supreme Court reaffirmed that federal habeas corpus law, 28 U.S.C. § 2254, is the specific instrument used to obtain release from unlawful confinement and for challenging the length or fact of confinement, even if the challenge comes in a different form. Id. at 78-80 (*citing* Preiser, 411 U.S. 475 (1973), *see also* Heck v. Humphrey, 512 U.S. 477 (1994) (reasoned if the plaintiff in a federal civil rights action is challenging the legality of his conviction, so that his victory would require his release even if he had not sought that relief, the suit must be classified as a habeas corpus action and dismissed if the plaintiff has failed to exhaust his state remedies.).

The Eighth Circuit affirmed this reasoning recently in Karsjens writing, "a state prisoner's claim for damage is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Karsjens v. Piper, 845 F.3d 394, 406 (8th Cir. 2017) (*quoting* Edwards v. Balisok, 520 U.S. 641, 643 (1997)). While these cases deal with claims pursuant to § 1983, and not declaratory judgment under 28 U.S.C. § 2201, the same habeas corpus law and reasoning applies. Habeas corpus is the only avenue of relief a plaintiff may use to challenge the length or fact of his or her sentence, unless the plaintiff has exhausted all state remedies, or the conviction or sentence has been invalidated. Id., Wilkinson, 544 U.S. at 78-81, Heck, 512 U.S. at 486, Preiser, 411 U.S. at 489. The issue then, is whether plaintiff's request for declaratory relief directly implicates the fact or length of his sentence. This Court finds that it does.

Plaintiff claims that the South Dakota laws regarding protection orders are unconstitutional. Doc 1. Plaintiff is currently and previously has been, convicted and sentenced for violating South Dakota protection orders. If this Court were to declare the South Dakota protection order laws unconstitutional, then plaintiff's convictions and sentences violating these laws would effectively be unconstitutional. Plaintiff

3

understands this, as shown by his pleadings. Doc. 1, 3, 11, 12. Therefore, the Court finds this claim is effectively a challenge to plaintiff's state court convictions and sentences and is not cognizable in a declaratory judgment action. He must seek appropriate state court habeas corpus relief instead. *See* Wilkinson, 544 U.S. at 78-81 (federal habeas corpus law, 28 U.S.C. § 2254, is the specific instrument used for challenging the length or fact of confinement).

The facts of this case can be contrasted to the Supreme Court case in Wilkinson. In Wilkinson, two Ohio prisoners brought actions for declaratory and injunctive relief under § 1983, claiming Ohio's parole procedures violated the U.S. Constitution. Wilkinson, 544 U.S. 74 (2005). This was because both prisoners were denied parole under a version of the parole guidelines which had been adopted after they had been incarcerated. Id. The district court ruled the claims were only cognizable under habeas corpus and dismissed the claims because it potentially impacted the length of their sentences. Id. This was reversed and allowed to proceed by the Sixth Circuit and was affirmed by the Supreme Court. Id. The Supreme Court reasoned that the relief of rendering the state parole procedures which were used to deny them parole invalid challenged state proceedings, which falls under § 1983 claims, and not necessarily the validity of their convictions or sentences, the purview of habeas corpus claims. Id. As relief, both prisoners would receive a new parole hearing, not necessarily immediate or speedier release, although that was possible. Id.

The relief sought by the prisoners in Wilkinson contrast with those requested by plaintiff. Here, plaintiff is requesting a declaration that his convictions and sentences are invalid because they rest upon an allegedly unconstitutional state statute, and requests release as relief through an injunction to prevent the enforcement of the protection order statutes. Doc. 3, 12. Plaintiff, unlike in Wilkinson, is not challenging proceedings determining the length of confinement, but the very fact of his convictions and sentences. Id. Plaintiff's direct challenge of his convictions and sentences falls squarely within the purview of habeas corpus law. Wilkinson, 544 U.S. at 82 (*citing* Preiser 411 U.S. at 489).

Moreover, plaintiff has informed the Court in his brief in support of his motion for summary judgment that he has a pending habeas corpus case in state court. Doc. 12. Plaintiff's claim is further not cognizable because plaintiff must, ". . . exhaust the remedies available in the courts of the State. . ." before seeking to involve a federal court in habeas corpus proceedings. 28 U.S.C § 2254(b)(1)(A).

## ORDER

Based on the foregoing, IT IS ORDERED:

1. Plaintiff's application, Doc. 6, to proceed without the prepayment of the filing fee is granted.
2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.
3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.
4. Plaintiff's motion, Doc. 11, for summary judgment, is denied.
5. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED this 22nd day of July, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

5