UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON KRUMBACK,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTI NOEM, Governor of South Dakota, and MARTY JACKLEY, Attorney General of South Dakota,<br><br>Defendants. | 4:24-CV-04040-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed a complaint pursuant to 28 U.S.C. § 2201, et seq., seeking a declaratory judgment that SDCL Chapter 25-10, Protection from Domestic Abuse, is unconstitutional. I entered a memorandum opinion and order and a judgment dismissing the complaint on initial review. Plaintiff has filed a motion for reconsideration.

After a review of plaintiff's state court criminal records, I found that he had been, many times, subject to protections orders issued pursuant to Chapter 25-10, prosecuted for violating such protection orders, and prohibited from contacting the victim of a crime involving domestic abuse as part of a sentence imposed, as authorized by Chapter 25-10. I held, *inter alia*, that his claim is not cognizable because a declaratory judgment in favor of the plaintiff would necessarily imply the invalidity of one or more prior convictions or sentences which have not previously been invalidated. Karsjens v. Piper, 845 F.3d 394, 406 (8th Cir. 2017); Edwards v. Balisok, 520 U.S. 641, 643 (1997).

I stated in my previous order that plaintiff is currently serving a sentence for violating a protections order. Plaintiff contends in his motion for reconsideration that he is not currently serving a sentence issued under the challenged law.

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). I have previously rejected motions for reconsideration, noting: "The process of seeking

reconsideration could be transformed into an endless chain of motions, filing a motion to reconsider the denial of the motion to reconsider, ad infinitum." South Dakota Wheat Growers Ass'n v. Chief Indus., Inc., No. 1:14-CV-01008-CBK, 2018 WL 8753724, at *1 (D.S.D. Oct. 17, 2018). The United States Court of Appeals for the Eighth Circuit has suggested that the district court should construe such a motion as "either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." United States ex rel. Holt v. Medicare Medicaid Advisors, Inc., ___ F.4th ___, ___, 2024 WL 4179221, at *8 (8th Cir. Sept. 13, 2024), quoting Auto Servs. Co. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir. 2008). I decline to do either.

Plaintiff's complaint seeks declaratory relief invalidating the statute under which he has previously been convicted, or under which the terms of a probationary or suspended portion of his sentence prevent him from having contact with a victim of his offense. Such a claim is not cognizable unless plaintiff can demonstrate that the conviction or sentence have previously been invalidated. Karsjens v. Piper, 845 F.3d 394, 406 (8th Cir. 2017) (quoting Edwards v. Balisok, 520 U.S. 641, 643 (1997)). I take judicial notice of the records of the South Dakota Unified Judicial System, which are available on the e-courts portal, https://ecourts.sd.gov. Such records show that plaintiff's convictions and sentences, including terms preventing him from having contact with the victim of the offense, have not been invalidated nor has plaintiff sought habeas relief from the South Dakota Circuit Court challenging such matters.

Now, therefore,

IT IS ORDERED that plaintiff's motion, Doc. 22, for reconsideration is denied.
DATED this 27th day of September, 2024.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge